RANDY J. TANNER
Assistant U.S. Attorney
U.S. Attorney's Office
101 E. Front St., Ste. 401
Missoula, MT 59802
Phone: (406) 329-4268
Email: randy.tanner@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>8,090 ROUNDS OF VARIOUS AMMUNITION (APPROXIMATELY),<br><br>Defendant. | CV 23-69-GF-BMM<br><br>VERIFIED COMPLAINT FOR FORFEITURE *IN REM* |
|---|---|

The United States of America brings this Complaint under Supplemental Rule G(2) of the Federal Rules of Civil Procedure. The United States alleges as follows:

## NATURE OF THE ACTION

This is an action to forfeit and condemn to the use and benefit of the United States of America, approximately 8,090 rounds of various ammunition, hereinafter "Defendant Property" for violations of 18 U.S.C. §§ 545, 922(g)(5)(A), 922(l),

1

924(d); 19 U.S.C. §§ 1497(a), 1595a(c)(1)(A); 22 U.S.C. § 2778. Defendant Property is more particularly identified in the July 31, 2023 Notice of Seizure, attached as Exhibit A.

## JURISDICTION AND VENUE

1. The United States brings this action *in rem,* in its own right, to forfeit and condemn Defendant Property under 18 U.S.C. §§ 545, 922(g)(5)(A), 922(l), 924(d); 19 U.S.C. §§ 1497(a), 1595a(c)(1)(A); 22 U.S.C. § 2778. This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

2. Venue is proper in this division pursuant to 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b) because this is a civil proceeding for the forfeiture of Defendant Property that was in the District of Montana.

## FACTS

3. On July 26, 2023, Cornelius Froese arrived at the Port of Entry at Sweetgrass, Montana, driving a recreational vehicle (RV) with a pull behind trailer, both with Canadian plates. Also in the RV were his wife, Lisa Froese, and their three minor children.

4. Customs and Border Protection (hereinafter "CBP") officers approached the RV and identified the occupants by their Canadian passports.

5. Froese, who was born in Paraguay, reported having Canadian and Mexican citizenship. He reported having no claim to United States citizenship or other immigration status. Lisa Froese was also reported to have Canadian and Mexican citizenship.

6. CBP officers asked Froese about his travel plans, and Froese stated he was traveling to the United States towards Detroit for vacation and did not know the length of time he would be in the U.S. but estimated it to be approximately two weeks. Froese stated he would be attending a skeet shooting event and would then return by crossing Ambassador Bridge to visit family in Ontario. Froese did not provide a location for the skeet shooting event, nor did he provide any documentation of the event.

7. Froese was asked if he had any ammunition, firearms, or firearm parts to declare, and Froese responded that he had nothing to declare other than food items. Froese was referred for further processing and inspection. Froese then completed a written declaration in which he declared a variety of food items, $3,000 dollars of U.S. and Canadian currency, and "skeet shooting ammunition." When asked how much ammunition he possessed, Froese replied that he had "a little bit."

8. CBP officers conducted a search of Froese's RV and found approximately 8,090 rounds of various types of ammunition, and two magazines

for ammunition. Froese did not have an ATF-6 permit allowing for importation of ammunition. *See* 27 C.F.R. §§ 447.41–447.42, 478.120; 22 U.S.C. § 2778(a).

9. CBP officers also found in the RV were various types of currency concealed by the driver's seat location, various drawers, above the washer/dryer unit, and in the restroom of the RV, which amounted to approximately $18,000 in United States cash value of Canadian Dollars and Mexican Pesos.

10. Froese was fined for not declaring the currency, and the ammunition was seized. Froese was processed as an immigrant without documentation under Immigration and Nationality Act (INA) § 212(a)(7)(A)(i)(I) (8 U.S.C. § 1182(a)(7)(A)(i)(I)).

11. Froese was allowed to withdraw his application for admission to enter the United States and was returned to Canada.

12. The totality of the circumstances, including but not limited to the facts set forth above, support probable cause that the Defendant Property constitutes ammunition that was unlawfully transported into the United States in violation of 18 U.S.C. §§ 545, 922(g)(5)(A), 922(l), 924(d); 19 U.S.C. §§ 1497(a), 1595a(c)(1)(A); 22 U.S.C. § 2778. The circumstances include, but are not limited to the following: Froese not having the requisite ATF-6 permit to import Defendant Property into the United States, Froese having not properly or timely declared Defendant Property, numerous untruthful and/or misleading statements

made by Froese when asked about the amount of ammunition and currency in his possession; the vast majority of the ammunition found would not be used for skeet shooting; and lack of proof that he was enrolled in any skeet shooting event.

13. The United States Customs and Border Protection has possession, custody, and control of the Defendant Property.

## CLAIM FOR RELIEF

14. The United States repeats and re-alleges each and every allegation set forth in paragraphs 1 through 13 above.

15. Defendant Property is subject to forfeiture on several, independent statutory bases.

16. First, 18 U.S.C. 545 prohibits "fraudulently or knowingly import[ing] or bring[ing] into the United States, any merchandise contrary to law . . . ." "Merchandise" "means goods, wares, and chattels of every description, and includes merchandise the importation of which is prohibited, and monetary instruments as defined in section 5312 of Title 31." 19 U.S.C. § 1401. Section 545 further provides: "Merchandise introduced into the United States in violation of this section, or the value thereof, to be recovered from any person described in the first or second paragraph of this section, shall be forfeited to the United States."

17. Defendant Property is "merchandise" under 19 U.S.C. § 1401. Froese "fraudulently or knowingly" imported or brought Defendant Property into the

5

United States in violation of 18 U.S.C. § 545. Defendant Property is therefore forfeitable under 18 U.S.C. § 545.

18. Second, 18 U.S.C. § 922(g)(5)(A) provides: "It shall be unlawful for any person– . . . who, being an alien—(A) is illegally or unlawfully in the United States . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

19. Froese was determined to be illegally or unlawfully in the United States, and he therefore violated Section 922(g)(5)(A) by unlawfully possessing Defendant Property in the United States. Defendant Property is therefore forfeitable under 18 U.S.C. § 924(d), among other statutes.

20. Third, 18 U.S.C. § 922(l) provides: "Except as provided in section 925(d) of this chapter, it shall be unlawful for any person knowingly to import or bring into the United States or any possession thereof any firearm or ammunition; . . . ." Section 925(d) allows for temporary importation of certain types of ammunition if it is to be utilized for "sporting purposes," among other purposes not relevant here. However, any such importation must have prior approval as evidenced by an ATF-6 permit. *See* 27 C.F.R. §§ 447.41–447.42, 478.120.

21. Froese brought Defendant Property into the United States in violation of 18 U.S.C. § 922(l). While 18 U.S.C. § 925(d) might have allowed temporary importation of any ammunition used for "sporting purposes," Froese did not have prior approval to import Defendant Property, as evidenced by an ATF-6 permit. *See* 27 C.F.R. §§ 447.41–447.42, 478.120; 22 U.S.C. § 2778. Defendant Property is therefore forfeitable under 18 U.S.C. § 924(d), among other statutes.

22. Fourth, 19 U.S.C. § 1497(a) provides: "Any article which–(A) is not included in the declaration and entry as made or transmitted; and (B) is not mentioned before examination of the baggage begins–(i) in writing by such person, if written declaration and entry was required, or (ii) orally, if written declaration and entry was not required; shall be subject to forfeiture and such person shall be liable for a penalty determined under paragraph (2) with respect to such article."

23. Froese did not properly declare Defendant Property in writing before CBP began its examination of Froese's property, as required under 19 C.F.R. §§ 148.11–148.13. Defendant Property is therefore forfeitable under 19 U.S.C. § 1497(a).

24. Fifth, 19 U.S.C. § 1595a(c)(1)(A) provides: "Merchandise which is introduced or attempted to be introduced into the United States contrary to law shall be treated as follows: (1) The merchandise shall be seized and forfeited if it– (A) is stolen, smuggled, or clandestinely imported or introduced; . . . ."

"Merchandise" "means goods, wares, and chattels of every description, and includes merchandise the importation of which is prohibited, and monetary instruments as defined in section 5312 of Title 31." 19 U.S.C. § 1401.

25. Defendant Property is "merchandise" under 19 U.S.C. § 1401. Froese "smuggled, or clandestinely imported" Defendant Property into the United States in violation of 19 U.S.C. § 1595a(c)(1)(A). Defendant Property is therefore forfeitable under 19 U.S.C. § 1595a(c)(1)(A).

26. As a result of the foregoing, Defendant Property is liable to condemnation and forfeiture to the United States for its use, in accordance with 18 U.S.C. §§ 545, 924(d); 19 U.S.C. §§ 1497(a), 1595a(c)(1)(A).

DATED this 13th day of November 2023.

JESSE A. LASLOVICH
United States Attorney

Randy J. Tanner
Assistant U.S. Attorney
Attorney for Plaintiff

## VERIFICATION

I, Matthew Neuman, declare under penalty of perjury that I am the Acting Assistant Port Director for the Port of Sweetgrass. I have read the foregoing Verified Complaint *in Rem* and know the contents. The matters contained in the complaint are true and correct. They are based on either my personal knowledge, or alleged on information provided, and I believe those matters to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by Customs and Border Protection officers, as well as my own investigation.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated this 7th day of November 2023.

_____
Matthew Neuman
Port Director
Wildhorse Port of Entry