# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br>vs.<br><br>**8,090 ROUNDS OF VARIOUS AMMUNITION,**<br><br>Defendant. | CV 23-69-GF-BMM<br><br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, DEFAULT JUDGMENT, AND ORDER OF FORFEITURE** |

This matter is brought before this Court by Plaintiff, United States, by and through its attorney, Randy J. Tanner, Assistant U.S. Attorney for the District of Montana. The United States has filed a Motion for Entry of Default Judgment and Order of Forfeiture pursuant to Fed. R. Civ. P. 55(b)(2).   Upon considering the pleadings filed herein, the Court makes the following Findings of Fact and Conclusions of Law.

1

## FINDINGS OF FACT

1. On November 13, 2023, the United States instituted a judicial forfeiture action by filing in this cause, a Verified Complaint *in Rem* against the Defendant Property, in violations of 18 U.S.C. §§ 545, 922(g)(5)(A), 922(l), 924(d); 19 U.S.C. §§ 1497(a), 1595a(c)(1)(A); 22 U.S.C. § 2778.

2. On November 28, 2023, the CBP Port Director, Matthew Neuman, executed the Warrant of Arrest *in Rem* (Doc 4) that was issued by this Court on November 28, 2023, and arrested the Defendant Property. (Declaration of Arrest, Doc. 5).

3. On November 28, 2023, the United States provided "direct notice" of this civil asset forfeiture action to Cornelius Froese and Lisa Froese, by mailing the Notice of Complaint for Forfeiture and Verified Complaint In Rem (Doc. 2) via first class U.S. mail and Certified mail to the addresses provided in the administrative claim and by law enforcement, (Doc. 8, Ex. 1).

4. Notice of this forfeiture action was also provided to any and all unknown potential claimants by publishing on the government's asset forfeiture website the Notice of Forfeiture Action for 30 consecutive days, beginning on November 15, 2023, and ending on December 14, 2023. The "Notice of Forfeiture Action" provides in pertinent part as follows:

> Any person claiming a legal interest in the Defendant Property must file a verified Claim with the court within 60 days from the first day of publication (November 15, 2023) of this Notice on this official government internet web site and an Answer to the complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter. . . .

(Doc. 6, Att. 1).

5. Upon considering the United States' Motion for Entry of Default of Known Potential Claimants, Cornelius Froese and Lisa Froese, and any Unknown Potential Claimants (Doc. 7), the Clerk of District Court entered the default of Cornelius Froese and Lisa Froese, and any unknown potential claimants, on February 29, 2024, for failure to timely file with the court, a verified claim and/or to answer or otherwise defend as required by the Supplemental Rules.   (Doc. 9).

6. The factual allegations set forth in paragraphs 3 through 13 of the Verified Complaint, are verified by CBP Port Director, Matthew Neuman. (Doc. 1, pg. 9)

Based upon the foregoing findings of fact, the Court makes the following conclusions of law.

## CONCLUSIONS OF LAW

7. The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1345 and 1355.   The United States has filed a Verified Complaint for Forfeiture *in Rem* to forfeit the Defendant Property consisting of property, pursuant to 18 U.S.C. §§

545, 922(g)(5)(A), 922(l), 924(d); 19 U.S.C. §§ 1497(a), 1595a(c)(1)(A); 22 U.S.C. § 2778.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1355 and 1395, because the acts or omissions giving rise to the forfeiture occurred in the District of Montana, and the Defendant Property is located in this district.

9. Civil forfeitures are governed by the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.  *United States v. 2659 Roundhill Drive*, 283 F.3d 1146, 1149 n.2 (9th Cir. 2002).

10. The Verified Complaint for Forfeiture *in Rem* sets forth detailed facts to support a reasonable belief that the United States will be able to meet its burden of proof at trial as required by Supplemental Rule G(2)(f), to support probable cause, and to provide proof by a preponderance of the evidence to seize and arrest the Defendant Property described in the verified complaint.

11. 18 U.S.C. 545, prohibits "fraudulently or knowingly import[ing] or bring[ing] into the United States, any merchandise contrary to law . . . ." "Merchandise" "means goods, wares, and chattels of every description, and includes merchandise the importation of which is prohibited, and monetary instruments as defined in section 5312 of Title 31." 19 U.S.C. § 1401. Section 545

further provides: "Merchandise introduced into the United States in violation of this section, or the value thereof, to be recovered from any person described in the first or second paragraph of this section, shall be forfeited to the United States."

12. 18 U.S.C. § 922(g)(5)(A) provides: "It shall be unlawful for any person– . . . who, being an alien—(A) is illegally or unlawfully in the United States . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." The Defendant Property is therefore forfeitable under 18 U.S.C. § 924(d).

13. Third, 18 U.S.C. § 922(l) provides: "Except as provided in section 925(d) of this chapter, it shall be unlawful for any person knowingly to import or bring into the United States or any possession thereof any firearm or ammunition; . . . ." Section 925(d) allows for temporary importation of certain types of ammunition if it is to be utilized for "sporting purposes," among other purposes not relevant here. However, any such importation must have prior approval as evidenced by an ATF-6 permit. *See* 27 C.F.R. §§ 447.41–447.42, 478.120.

14. The Defendant Property was brought into the United States in violation of 18 U.S.C. § 922(l). Defendant Property is therefore forfeitable under 18 U.S.C. § 924(d).

15. 19 U.S.C. § 1497(a) provides: "Any article which–(A) is not included in the declaration and entry as made or transmitted; and (B) is not mentioned before examination of the baggage begins–(i) in writing by such person, if written declaration and entry was required, or (ii) orally, if written declaration and entry was not required; shall be subject to forfeiture and such person shall be liable for a penalty determined under paragraph (2) with respect to such article." The Defendant Property was not properly declared in writing as required under 19 C.F.R. §§ 148.11–148.13. The Defendant Property is therefore forfeitable under 19 U.S.C. § 1497(a).

16. 19 U.S.C. § 1595a(c)(1)(A) provides: "Merchandise which is introduced or attempted to be introduced into the United States contrary to law shall be treated as follows: (1) The merchandise shall be seized and forfeited if it–(A) is stolen, smuggled, or clandestinely imported or introduced; . . . ." "Merchandise" "means goods, wares, and chattels of every description, and includes merchandise the importation of which is prohibited, and monetary instruments as defined in section 5312 of Title 31." 19 U.S.C. § 1401. Defendant Property is "merchandise" under 19 U.S.C. § 1401. The Defendant Property was "smuggled, or clandestinely imported" into the United States in violation of 19 U.S.C. § 1595a(c)(1)(A), and is therefore forfeitable under 19 U.S.C. § 1595a(c)(1)(A).

17. Notice of this action was properly provided to known potential claimants, Cornelius Froese and Lisa Froese, by providing "direct notice" by mailing the Verified Complaint *In Rem* and Notice of Complaint for Forfeiture, in accordance with Supplemental Rule G(4)(b)(v).

18. In accordance with Fed. R. Civ. P. 55(a) and Supplemental Rules A(2) and G(5), the Clerk of District Court properly entered the default of Cornelius Froese and Lisa Froese. (Doc. 9).

19. Notice by publication was also provided to any and all unknown potential claimants in accordance with Supplemental Rule (G)(4)(a)(iv)(C).

20. In accordance with Fed. R. Civ. P. 55(a) and Supplemental Rules A(2) and G(5), the Clerk of District Court properly entered the default of unknown claimants. (Doc. 9).

21. The United States is entitled to default judgment against the Defendant Property and against any claims to the Defendant Property under Fed. R. Civ. P. 55(b)(2). The United States is further entitled to an order of forfeiture of the Defendant Property.

Based upon the foregoing findings of fact and conclusions of law,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The United States is granted a default judgment against the Defendant Property.

2. The Defendant Property is hereby forfeited to the United States and shall be disposed of in accordance with the law.

**DATED** this 14th day of March, 2024.

_____
Brian Morris, Chief District Judge
United States District Court